```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM SHAW,                    :    CIVIL ACTION
                                 :    NO. 08-4176
     Petitioner,                 :
                                 :
     v.                          :
                                 :
UNITED STATES OF AMERICA,        :    CRIMINAL ACTION
                                 :    NO. 92-672-02
     Respondent.                 :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              JULY 9, 2009

      Petitioner William Edward Shaw filed this habeas corpus petition under 28 U.S.C. § 2255, collaterally attacking his supervised release revocation sentence and asking the Court to vacate, set aside, or correct his sentence.  He argues that the sentence is improper because the Court sentenced Petitioner to reimprisonment, followed by a new period of supervised release, allegedly authorized by the retroactive application of 28 U.S.C. § 3583(h), in violation of the Double Jeopardy clause.  For the following reasons, Petitioner's motion will be denied.

I.  **BACKGROUND**

      On December 1, 1992, Petitioner, William Edward Shaw, was indicted on the following: (1) conspiracy to commit armed carjacking, in violation of 18 U.S.C. § 371 (Count one); (2) armed carjacking, in violation of 18 U.S.C. § 2119 (Count two);

and (3) carrying a firearm during and in relation to a violent crime, in violation of 18 U.S.C. § 924(c)(1) (Count three). Petitioner pleaded guilty to all three counts. On August 3, 1993, the Court sentenced Petitioner to ninety-three months of imprisonment and three years of supervised release.[1]

While on supervised release, Petitioner committed aggravated assault, a violation of his supervised release conditions. On April 25, 2001, Petitioner was sentenced in state court to seven to fourteen years imprisonment after being found guilty of this offense. On August 15, 2001, following a violation of supervised release hearing, the Court revoked Petitioner's supervised release and sentenced him to one year imprisonment, consecutive with his state sentence, followed by one year of supervised release. On August 29, 2008, Petitioner filed the instant 28 U.S.C. § 2255 petition, attacking his revocation of supervised release sentence as improper.

## II. ANALYSIS

Section 2255 allows a prisoner in custody to attack his sentence if it was imposed in violation of the Constitution or

---

[1] Specifically, the Court sentenced Petitioner on Counts one and two to 30 months imprisonment and three years of supervised release, to run concurrently. On Count three, the Court sentenced Petitioner to 60 months of imprisonment, to run consecutively, and three years of supervised release, to run concurrently.

statute, the court lacked jurisdiction to impose it, it exceeds the maximum allowed by law, or it is otherwise subject to collateral attack.  See 28 U.S.C. § 2255.  A petitioner is entitled to an evidentiary hearing as to the merits of his claim unless it is clear from the record that the prisoner is not entitled to relief.  See United States v. Victor, 878 F.2d 101, 103 (3d Cir. 1989).  Here, Petitioner is not entitled to an evidentiary hearing because it is clear from the record that his § 2255 petition should be denied for the following reasons.

Petitioner argues that the Court's imposition of reimprisonment, followed by a new period of supervised release, was improper because statutory amendment 18 U.S.C. § 3583(h),[2] authorizing the imposition of an additional term of supervised release following the reimprisonment for a violation of supervised release, was enacted subsequent to Petitioner's original crimes.  In the absence of the § 3583(h) amendment, Petitioner asserts that § 3583(e)(3),[3] governing imprisonment and

---

[2]   18 U.S.C. § 3583(h) provides:
"When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection e(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. . . ."

[3]   18 U.S.C. § 3583(e)(3) provides:
"The court may . . . revoke a term of supervised release, and require the defendant to serve in prison

revocation of supervised release following a violation of supervised release, is implicated and is silent as to whether the court could impose a new term of supervised release following reimprisonment.  Because § 3583(e)(3) does not expressly authorize the imposition of a new term of supervised release following reimprisonment, Petitioner contends that his supervised release revocation sentence, under § 3583(h), violates the Fifth Amendment's Double Jeopardy clause.

The Double Jeopardy clause of the Fifth Amendment provides, "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb."  U.S. Const. Amend. V.  The Double Jeopardy clause "affords a defendant three basic protections: [It] protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense."  United States v. Console, 13 F.3d 641, 663 (3d Cir. 1993) (quoting Ohio v. Johnson, 467 U.S. 493, 498 (1984)).

---

all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . . ."

The Supreme Court "attribute[s] postrevocation penalties to the original conviction." United States v. Dees, 467 F.3d 847, 853 (3d Cir. 2006) (citing United States v. Johnson, 529 U.S. 694, 701 (2000)). In addition, 18 U.S.C. § 3583(a) indicates that supervised release is "part of the sentence." Id. Accordingly, a revocation sentence should be seen as part of the initial sentence, rather than a separate or additional punishment for the same offense. Id. On these facts, the Double Jeopardy clause is not implicated in this case.

Although Petitioner frames his argument as a double jeopardy violation, Petitioner's argument seems to more accurately claim a violation of the Ex Post Facto clause.[4] U.S. Const., Art. I., § 9. The Ex Post Facto clause prohibits the application of a law "that changes the punishment and inflicts a greater punishment, than the law annexed to the crime, when committed . . . ." United States v. Johnson, 529 U.S. 694, 699 (2000) (quoting Calder v. Bull, 3 Dall. 386, 390 (1978)). To prevail upon an Ex Post Facto argument, the Petitioner must demonstrate: (1) the law challenged operates retroactively; and (2) the law raises the penalty from whatever the law provided at the time of the criminal conduct. Id.

---

    [4] The Ex Post Facto clause provides: "No Bill of Attainder or ex post facto Law shall be passed." U.S. Const., Art. I., § 9.

The United States Supreme Court squarely considered and rejected the argument that sentencing a defendant on a violation of supervised release to reimprisonment, followed by a new period of supervised release, where the underlying crime occurred prior to the § 3583(h) amendment, constitutes a violation the Ex Post Facto clause.  Johnson, 529 U.S. at 694.  Johnson is controlling here.

In Johnson, the defendant committed a Class D felony in October 1993 and was sentenced to 25 months imprisonment, followed by three years of supervised release.  Id. at 697. While on supervised release, the defendant was arrested and later convicted of state forgery offenses, thus violating his supervised release conditions.  Id.  Following a violation of supervised release hearing, the district court revoked his supervised release, and sentenced the defendant to 18 months imprisonment, followed by 12 months of supervised release.  Id. at 698.  The defendant appealed his sentence, arguing that the imposition of imprisonment and a new period of supervised release, as authorized by § 3583(h), was a violation of the Ex Post Facto clause because § 3583(h) was enacted after Defendant committed the original offense.  Id.

The Supreme Court recognized that the retroactive applicability of § 3583(h) would raise Ex Post Facto concerns and require the Court to consider whether § 3583(h) raises the

penalty to the defendant.  Id. at 702.  The Court noted that § 3583(h) was enacted on September 13, 1994, subsequent to the defendant's commission of the original offense in 1993.  Id. Because Congress did not expressly state that § 3583(h) would be given retroactive effect, the Court found the "longstanding presumption directs that § 3583(h) applies only to cases in which that initial offense occurred after the effective date of the amendment. . . ."  Id.  Accordingly, the Court found that § 3583(h) could not be retroactively applied in sentencing the defendant for the violation of supervised release.  Id.

      However, the Court held that § 3583(h) was not in fact retroactively applied, but rather the sentencing court imposed supervised release following reimprisonment under the authorization of § 3583(e)(3).  Id.  The Court proceeded to determine whether § 3583(e)(3) permitted such a sentence.  Id. at 702-03.  Following careful analysis of the language of § 3583(e)(3), the Court noted "from a purely textual perspective . . . § 3583(e)(3) before its amendment and the addition of subsection (h) leaves open the possibility of supervised release after incarceration."  Id. at 713.  In addition to the language inquiry, the Court considered congressional sentencing policy and pre-guidelines practice, and held, ". . . in applying the law as before the enactment of subsection (h), district courts have the authority to order terms of supervised release following

reimprisonment." Id.

Here, as in Johnson, Petitioner challenges the imposition of supervised release following reimprisonment as improper because the original offense occurred before the enactment of § 3583(h).  Under the guidance of Johnson, the Court finds that Petitioner's supervised release revocation sentence was imposed under the authorization of § 3583(e)(3), as it existed at the time that Petitioner committed the original offense, rather than under the authorization of § 3583(h).[5] Because § 3583(h) was not applied to Petitioner retroactively, no violation of the Ex Post Facto clause occurred.

An appropriate order follows.

---

[5]   Courts in the Third Circuit have applied Johnson, on similar facts, to reach the same result.  See United States v. Washington, 145 F. App'x. 791, 793 (3d Cir. 2005) (applying Johnson to find that the sentencing court is authorized under § 3583(e)(3) to sentence defendant on violation of supervised release to reimprisonment followed by supervised release where original offense occurred prior to enactment of § 3583(h)); United States v. Reinthaler, No. 96-50, 2000 U.S. Dist. LEXIS 19311 (E.D. Pa. 2000) (same).

Case 2:92-cr-00672-ER   Document 172   Filed 07/09/09   Page 9 of 9